**No. 61019.**—Inter-Maritime Forwarding Co., Inc. v. United States, protest 182806–K (New York).

MOLLISON, Judge: This is a protest filed against the action of the collector of customs at the port of New York in refusing to allow drawback under section 313 (a) of the Tariff Act of 1930 on the exportation of certain imitation pearl necklaces, which had been manufactured or produced in the United States with the use of imported, duty-paid alabaster beads. The sole ground for the disallowance of drawback was the failure on the part of the claimant to complete the drawback claim within the 2-year period prescribed in section 22.16 (a) of the Customs Regulations of 1943, in force and effect at the time of exportation of the merchandise involved, i. e., on February 4, 1948.

The said regulation then read, so far as pertinent, as follows:

**22.16.—Completion of drawback claims.**—A drawback entry and certificate of manufacture shall be filed in duplicate within 2 years after the date the articles are exported. * * * The Commissioner of Customs may specifically authorize an extension of the 2-year period for compliance with any of the foregoing requirements.

Counsel for the parties have stipulated and agreed as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the merchandise involved in the above-named protest consists of 4 packages containing 222 dozen imitation pearl necklaces produced from alabaster beads which had been imported into the United States less than 3 years prior to the exportation of the said necklaces, and the import duties had been paid thereon as required by law, the necklaces being produced in the United States under Certificate of Manufacture No. 13710.

1. That said above protest is abandoned insofar as it relates to case number 6449 containing 75 dozen necklaces valued at $712.50 which case covers merchandise containing the greatest drawback allowance.

2. That three of the four packages of necklaces (it is not possible to identify positively the number of the fourth package) were exported from the United States on February 4, 1948 within 3 years from the date of importation under Notice of Intent No. 66214.

3. That drawback entry and claim number 7863 dated April 11, 1949, covers the above specified packages of necklaces and Notice of Intent No. 66214.

4. That all of the customs regulations then in effect were duly and timely complied with except that the packing list was not filed within 2 years from the date of exportation of the merchandise under protest. Said packing list was filed with the Collector of Customs at New York on October 30, 1951—(The Commissioner of Customs did not authorize an extension of the 2 year period for completing the drawback claim).

5. That all of the official papers relating to this drawback entry on file with the court, may be received into evidence. Plaintiff relies upon the case of *William E. Martin Co.* v. *United States*, 33 Court Ct. 11, CD 1627.

6. The above-named protest is submitted for decision upon this stipulation and said official drawback entry papers on file with the court.

The *Martin* case, cited in the stipulation, involved a situation analogous to that in the case at bar, and it was therein held that, insofar as the said regulation fixed a 2-year period within which drawback entries must be completed, it was invalid.

Applying the law as thus determined to the situation in the case at bar, the protest claim for drawback on the merchandise involved, except for that contained in case No. 6449, is sustained. The protest, having been abandoned with respect to the merchandise contained in that case, is overruled to that extent.

Judgment will issue accordingly.